UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FERGON ARCHITECTS LLC, | ) |
| Plaintiff, | ) |
| vs. | ) No. 13 C 6019 |
| | ) Magistrate Judge Rowland |
| OAKLEY HOME BUILDERS, INC., | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Fergon Architects, LLC brings this action against Oakley Home Builders, Inc. alleging, among other things, that Oakley built unauthorized homes based on Fergon's copyrighted home designs. Oakley moves to dismiss, arguing that Fergon's federal claims are improperly plead and the state claims are preempted. For the reasons stated below, the Court denies the Motion with respect to the federal claims, but grants it with respect to the state claims.

**I. Factual Background**

The following facts are drawn from Fergon's complaint. They are assumed to be true for purposes of this motion, and are viewed in the light most favorable to Fergon. *Cole v. Milwaukee Are Tech. Coll. Dist.,* 634 F. 3d 901, 903 (7th Cir. 2011). Fergon alleges that, from September 21, 2005 to November 29, 2011, it provided Oakley with architectural designs for approximately 40 homes. Fergon provided each of the designs to Oakley under individual contracts that contained substantially the same language. Those contracts allowed Oakley to build one home from each Fergon Design. Oakley agreed to credit Fergon as the designer of the

1

Fergon home designs in any promotional materials. (Dkt. 1 ¶ 1-4).

Fergon alleges that Oakley took credit not only for the construction of the homes built, but for the architectural designs. (Dkt. 1 ¶ 11-36). Fergon also alleges that Oakley went on to sell Fergon's home designs, and built additional homes based on those designs, without compensation or credit to Fergon. (Dkt. 1 ¶ 37-41).

On August 23, 2013, Fergon filed suit against Oakley, alleging the following causes of action: Count I, copyright infringement; Count II, false advertising under the Landham Act; Count III, violation of the Illinois Uniform Deceptive Trade Practices Act ("UDTPA"); Count IV, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act; and Count V, unfair competition in violation of Illinois common law. On October 22, 2013 Oakley filed the instant motion to dismiss. (Dkt. 26-1 at 1-2).

**II. Standard of Review**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff, as well as any reasonable inferences that can be drawn from those facts. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief,"

Fed.R.Civ.P. 8(a)(2), such that the defendant is given "fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80(1957)).

**III. Analysis**

**A. Copyright Infringement - Count I**

In Count I, Fergon alleges that Oakley violated the Copyright Act by "making unauthorized copies and reproductions of" Fergon's home designs, "selling copies of those designs to third parties," "preparing derivative works based on those designs," and "constructing houses based on those designs." (Dkt. 1 ¶ 51). Oakley asserts that Fergon's copyright allegations are insufficiently specific to state a claim for copyright infringement. (Dkt. 26-1 at 3 ("the Complaint does not contain any specific allegations such that Oakley actually made any copies of the copyrighted designs, sold the designs [to] named entities or individuals on any certain dates, prepared derivative works based upon the copyrighted designs, or actually constructed a house using the copyrighted designs.").

To state a claim for copyright infringement, a plaintiff must allege (1) ownership of a valid copyright; and (2) unauthorized copying of protected elements. *Golden v. Nadler, Pritikin & Mirabelli*, 2010 WL 5373876 at *1 (N.D. Ill. Dec.21, 2010) (citing *Mid America Title Co. v. Kirk*, 991 F.2d 417, 421–22 (7th Cir. 1993)). Where plaintiff has granted defendant a license, he must allege that the license was limited in scope and that the scope of the license has been exceeded. *Bergt v. McDougal Littell*, 661 F. Supp. 2d 916, 921 (N.D. Ill. 2009).

3

Fergon has met those pleading requirements in this case. Although Fergon does not allege specific details as to each infringing act (such as where exactly Oakley built the duplicate homes, or to whom exactly it sold the plans), that level of detail is not required to state a claim for copyright infringement. *Frerck v. Pearsons Educ., Inc.,* No. 11 CV 5319, 2012 WL 1280771, at *2-3 (N.D. Ill. April 16, 2012) (denying motion to dismiss despite plaintiff's failure to plead specific details as to each infringing act).

Moreover, as to licensing, the complaint states that Fergon granted Oakley "single use license allowing Oakley to build one single home from each Fergon home design." (Dkt. 1 ¶ 3, at 2). The complaint also alleges that Oakley exceeded the single use licenses by building additional homes based on the plans or by selling the plans to other residential customers. (Dkt. 1 ¶¶ 39-41). In its motion to dismiss, Oakley argues that the contract between the parties allowed for multiple builds from each of Fergon's home designs. However, the Court cannot resolve, at this stage of the litigation, the parties' divergent interpretations of the contracts. *Dawson v. Gen. Motors Corp.*, 977 F.2d 369, 373 (7th Cir. 1992) (reversing dismissal of breach of contract action; district court should not have resolved parties' dispute concerning contract terms on motion to dismiss). Therefore, the Court declines to address the merits of both parties' arguments concerning whether the contracts resulted in single use or multi-use licenses and the relevance, if any, of the End User License Agreement.[1]

---

[1] The End User License Agreement is attached as Exhibit C to Defendant's Motion to Dismiss. Plaintiff moved to strike the exhibit. (Dkt. 30). The Court denied the motion

Finally, Oakley asserts that Fergon's copyright claims should be dismissed based upon the "pictorial representations" exception to the copyright law. *See* 17 U.S.C. § 120(a). That section provides that the copyright "in an architectural work that has been constructed does not include the right to prevent" photographing the work if it is ordinarily visible from a public place. In light of Plaintiff's allegations that Oakley sold copies of plaintiff's designs and built unauthorized homes based on those designs, §120 does not provide a basis to dismiss Count I.

Accordingly, the Court denies Oakley's Motion to Dismiss with respect to Count I (Copyright Infringement).

**B. False Advertising under the Lanham Act - Count II**

In Count II of the Complaint, Fergon alleges that Oakley committed false advertising in violation of the Lanham Act, 15 U.S.C. § 1051 *et. seq.*, by claiming—either directly or indirectly—that it designed certain homes that were actually designed by Fergon. Oakley now argues that Fergon has failed to state a claim under the Lanham Act because (1) it does not allege any actual false statements by Oakley, and (2) even if it did, those statements would not be misleading since Oakley did construct and help design the homes referenced in Fergon's complaint.

To state a claim for false or deceptive advertising under the Lanham Act, a plaintiff must allege a deception by the defendant in a commercial advertisement about its own or another's product, which has a tendency to deceive a substantial segment of its audience and is likely to influence the purchasing decision. *Hot Wax,*

---

without prejudice and directed plaintiff to raise the matter in the context of briefing on the motion to dismiss. (Dkt. 33). In light of the present ruling, the Court declines to consider the exhibit at this time.

*Inc. v. Turtle Wax, Inc.,* 191 F.3d 813, 819-20 (7th Cit. 1999). The Lanham Act prohibits a "false designation of origin" that is "likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association ... or as to the origin" of "goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1)(A). The type of false designation of origin alleged in this case is a "reverse passing off," which occurs when a "producer misrepresents someone else's goods or services as his own." *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 28 n. 1, 123 S.Ct. 2041 (2003). A reverse passing off claim requires the plaintiff to allege: "(1) that the work at issue originated with the plaintiff; (2) that origin of the work was falsely designated by the defendant; (3) that the false designation of origin was likely to cause consumer confusion; and (4) that the plaintiff was harmed by the defendant's false designation of origin." *Syngenta Seeds, Inc. v. Delta Cotton Coop., Inc.*, 457 F.3d 1269, 1277 (Fed. Cir. 2006).

Fergon meets those pleading requirements. On the first element, Fergon alleges that it is the "origin" of the home designs pictured in Oakley's promotional materials, because although it did not construct the homes, it conceived of the architectural designs and it owns the copyrights in the designs. (Dkt. 1 ¶ 7-8). Regarding the second element—that the origin of the work was falsely designated—Fergon alleges that Oakley took credit for the designs by "touting its architectural and design prowess" and stating that it has "mastered the process of taking a custom home from idea to reality," all while featuring homes designed by Fergon. (Dkt. 1 ¶ 29). On the third element, Fergon successfully alleges that Oakley's

6

practices are likely to cause confusion among consumers. (Dkt. 1 ¶ 67). Finally, as to the fourth element, Fergon alleges that it was harmed by Oakley's actions. (Dkt. 1 ¶ 72). The Court therefore denies Oakley's motion to dismiss with respect to Court II.

**C. Preemption - Counts III, IV, and V**

In its complaint, Fergon asserts three state law claims against Oakley: violation of the Illinois Uniform Deceptive Trade Practices Act (Count III); violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count IV); and unfair competition in violation of Illinois common law (Count V). Oakley argues that those state law claims should be dismissed because they are preempted by Fergon's federal Copyright Act claim.

The Copyright Act specifically provides that it preempts "all legal rights that are equivalent to any of the exclusive rights" outlined in the Act. 17 U.S.C. § 301(a). A state law claim is preempted when it regulates conduct that is essentially the same as conduct governed by the federal Copyright Act. *Toney v. L'Oreal USA, Inc.*, 406 F.3d 905, 910 (7th Cir. 2005).

To survive preemption, a plaintiff's state law claim must incorporate some "extra element" that changes the nature of the action so that it is qualitatively different from a claim of infringement. *Baltimore Orioles, Inc. v. Major League Baseball Players Assoc.*, 805 F.2d 663, 678 (7th Cir. 1986) (finding preemption where the state "right of publicity" does not differ in kind from rights secured under the Copyright Act); *but see Stillman v. Leo Burnett Co., Inc.*, 720 F. Supp. 1353, 1362 (N.D. Ill. 1989) (copyright holder's state law claim, alleging defendants lied

7

about copyright holder's television commercial, was not preempted by federal copyright law; for holder to prevail on his state law claim, he would have to prove that defendants did something qualitatively different from acts which he would be required to prove in order to establish copyright infringement).

For example, even though a state law claim under the Illinois Uniform Deceptive Trade Practices Act ("UDTPA") incorporates the additional element of "confusion to the consumer," that element does not make it qualitatively different from a claim of copyright infringement. "Consumer confusion and deception have been held to be inherently present in any copyright action and are therefore not considered extra elements that qualitatively alter the nature of a claim where they are asserted." *Custom Guide v. CareerBuilder LLC,* 813 F. Supp. 2d 999 (N.D. Ill. 2011) (quoting *Cyber Websmith, Inc. v. Am. Dental Ass'n*, No. 09 CV 6198, 2010 WL 3075726, at *3 (N.D. Ill. Aug. 4, 2010). The same can be said for claims under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") or any other state law cause of action alleging, essentially, that defendant represented someone else's work as his own—that conduct lies at the heart of the Copyright Act. *Goes Lithography Co. v. Banta Corp.,* 26 F. Supp. 2d 1042, 1046 (N.D. Ill. 1998) (dismissing state law unfair competition claim alleging defendant passed plaintiff's page border designs off as its own; claim preempted by Copyright Act); *Tensor Group, Inc. v. Global Web Systems, Inc.,* No. 96 C 4606, 1999 WL 617818, at *2 (N.D. Ill. Aug. 11, 1999) (dismissing claims for unfair competition, consumer fraud, and deceptive business practices where those claims alleged nothing more that

reverse passing off of plaintiff's engineering designs).

In this case, Fergon argues that its state law claims are distinguishable from its copyright claim, but the gravamen of each of the state law claims is that Oakley passed off Fergon's designs as its own. Count III alleges that Oakley engaged in deceptive trade practices by "failing to properly disclose Fergon as the actual designer" of the homes it built. (Dkt. 1 ¶ 77). Count IV alleges that Oakley violated the Illinois Consumer Fraud and Deceptive Business Practices Act by "misleadingly holding itself out as a design/build firm and the designer of the Fergon Home Designs." (Dkt. 1 ¶ 91). Finally, Count V alleges that Oakley engaged in unfair competition in violation of Illinois common law through its "unauthorized use of the Fergon Home Designs in its commercial advertising." (Dkt. 1 ¶ 96). The Court finds, therefore, that Section 106 of the Copyright Act preempts Counts III, IV, and V, and those claims are hereby dismissed.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss. (Doc. 26).

Dated: January 30, 2014          E N T E R:

_Mary M Rowland_

MARY M. ROWLAND
United States Magistrate Judge